UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ZACHARY M ENSLOW,

         Plaintiff,

   v.

WASHINGTON STATE,

         Defendant.

CASE NO. 3:19-CV-05650-RBL

REPORT AND RECOMMENDATION

Noting Date: September 6, 2019

    Plaintiff Zachary M. Enslow, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. The District Court has referred Plaintiff's pending Application to Proceed *In Forma Pauperis* ("IFP") and Proposed Complaint to United States Magistrate Judge David W. Christel pursuant to Amended General Order 02-19.

    Having reviewed and screened Plaintiff's Proposed Complaint under 28 U.S.C. § 1915(e)(2), the Court finds Plaintiff has failed to state a claim for which relief can be granted. Thus, considering the deficiencies in the Proposed Complaint, the undersigned recommends the Court deny Plaintiff's Application to Proceed IFP (Dkt. 1) and direct Plaintiff to pay the filing

fee or file a proposed amended complaint within 21 days of the Order addressing this Report and Recommendation ("R&R").

### I.  Background

Plaintiff alleges that, on or about February 3, 2015, he was arrested for crimes he was falsely accused of committing and thereafter incarcerated for six months on the pending charges. *See* Dkt. 1-1, p. 10. Plaintiff alleges there was "no thorough" investigation into the criminal charges against him and he was acquitted of the charges against him after a jury found him not guilty. *See id.* at pp. 9-11. Plaintiff maintains that, based on these allegations, the State of Washington and Washington State Attorney General violated his rights under "all 27 Amendments" to the United States Constitution. *See id.* at pp. 7-9. Plaintiff seeks $10 million in damages. *See id.* at p. 11.

### II.  Discussion

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the "privilege of pleading *in forma pauperis* . . . in civil actions for damages should be allowed only in exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986). The Court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

Notwithstanding IFP status, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. §

1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim). An IFP complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Unless it is clear a *pro se* plaintiff cannot cure the deficiencies of a complaint, the Court will provide the *pro se* plaintiff with an opportunity to amend the complaint to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

A. Failure to State a Claim

Plaintiff's Proposed Complaint suffers from deficiencies requiring dismissal if not corrected in an amended complaint. As stated above, the Court is required to liberally construe *pro se* documents. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

Here, Plaintiff's Proposed Complaint does not contain a plain statement showing he is entitled to relief. Plaintiff broadly asserts his rights were violated because he was incarcerated pending trial for crimes he did not commit. *See* Dkt. 1-1, p. 10. However, Plaintiff's bare allegation that he was arrested and incarcerated for crimes he did not commit fails to articulate a plausible claim that Defendants violated any of his constitutional rights. Further, although Plaintiff claims the investigation into the criminal charges against him was not "thorough," he provides no specifics on how the investigation was inadequate such that it violated his rights. Plaintiff's conclusory allegations therefore fail to support his broad, vague claims that Defendants violated his rights under all 27 constitutional amendments.

Additionally, Plaintiff names the State of Washington as a Defendant. Dkt. 1-1. Section 1983 applies to the actions of "persons" acting under the color of state law. The State of Washington is not a "person" for purposes of a § 1983 civil rights action, *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 65, 71 (1989), and cannot be sued under § 1983. Accordingly, the undersigned finds Plaintiff has failed to state a cognizable claim under § 1983 against the State of Washington.

In sum, Plaintiff has failed to provide clarity regarding the nature of his claims sufficient to show what happened, when it happened, who was involved, and how those acts violated his rights. Plaintiff has not stated a short and plain statement of a claim showing he is entitled to relief. *See Iqbal*, 556 U.S. at 678 (2009) (a pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation"); *see also Twombly,* 550 U.S. at 545 (to state a

REPORT AND RECOMMENDATION - 4

claim for relief, "[f]actual allegations must be enough to raise a right to relief above the speculative level").

B. <u>Statute of Limitations</u>

In the Proposed Complaint, Plaintiff alleges he was unlawfully incarcerated for six months, beginning February 3, 2015. Dkt. 1-1, pp. 10-11.

A complaint must be timely filed. The Civil Rights Act, 42 U.S.C. § 1983, contains no statute of limitations. "Thus, the federal courts [] apply the applicable period of limitations under state law for the jurisdiction in which the claim arose." *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). In *Rose*, the Ninth Circuit determined the three-year limitations period identified in Revised Code of Washington 4.16.080(2) is the applicable statute of limitations for § 1983 cases in Washington. 654 F.2d at 547; *see* R.C.W. § 4.16.080(2).

The Court also applies the forum state's law regarding equitable tolling for actions arising under § 1983. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). In Washington, courts permit equitable tolling "when justice requires." *Millay v. Cam*, 135 Wash.2d 193, 206 (1998). "The predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff." *Id.* Courts "typically permit equitable tolling to occur only sparingly, and should not extend it to a garden variety claim of excusable neglect." *State v. Robinson*, 104 Wash.App. 657, 667 (2001) (internal quotations omitted). Washington State also allows for a tolling period when a person is imprisoned on a criminal charge prior to sentencing. *See* R.C.W. § 4.16.190; *see also Williams v. Holevinski*, 2006 WL 216705, *2 (E.D. Wash. July 31, 2006).

Although the statute of limitations is an affirmative defense which normally may not be raised by the Court *sua sponte*, it may be grounds for *sua sponte* dismissal of an *in forma*

*pauperis* complaint where the defense is complete and obvious from the face of the pleadings or the Court's own records. *See Franklin v. Murphy*, 745 F.2d 1221, 1228–30 (9th Cir. 1984).

Plaintiff alleges that he was unlawfully incarcerated for six months, beginning February 3, 2015. Dkt. 1-1, pp. 10-11. Based on the allegations contained in the Proposed Complaint, Plaintiff had actual notice of the facts related to the claims alleged on February 3, 2015 (or at the latest, six months later, on August 3, 2015). *See id.*; *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996) (a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action); *see also* R.C.W. § 4.16.190. Taking the latest date possible, the time for filing a lawsuit expired approximately August 3, 2018, three years after Plaintiff was released from his alleged wrongful imprisonment. *See* Dkt. 10. Plaintiff filed the Proposed Complaint on July 15, 2019, nearly one year after the last possible date the statute of limitations expired. *See* Dkt. 1-1. Plaintiff has not alleged facts showing statutory or equitable tolling is applicable in this case. *See* Dkt. 1-1. As such, Plaintiff has failed to state a claim for which relief can be granted in this action.

### III.   Conclusion

For the above stated reasons, the undersigned recommends the Court deny the Application to Proceed *In Forma Pauperis* (Dkt. 1). The undersigned recommends Plaintiff be directed to pay the filing fee or file a proposed amended complaint within 21 days of the order addressing this R&R. If Plaintiff does not pay the filing fee or file a severable proposed amended complaint, the Court recommends this case be dismissed without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

1 review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit
2 imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on
3 September 6, 2019, as noted in the caption.

4     Dated this 20th day of August, 2019.

                                              David W. Christel
                                              United States Magistrate Judge